[Civ. No. 5581.   Fourth Dist.   Nov. 8, 1957.]

P. I. WILSEY AND COMPANY (a Corporation), Appellant, v. COUNTY OF SAN BERNARDINO, Respondent.

Holbrook, Tarr & O'Neill, W. Sumner Holbrook, Jr., and Francis H. O'Neill for Appellant.

Dillavou & Cox as Amici Curiae on behalf of Appellant.

Albert E. Weller, County Counsel, and J. B. Lawrence, Deputy County Counsel, for Respondent.

STONE, J. pro tem.*—The United States Government, as lessor, acting through the Department of the Navy, entered into a lease with Marine Palms Housing Corporation, a California corporation. The government leased certain lands in San Bernardino County for a period of 75 years at a rental of $100 per year upon the condition the lessee construct a housing project consisting of approximately 493 units, the housing units to revert with the land to the government at the end of 75 years. The housing units were primarily for the use of military personnel and civilian employees of the military, but under certain conditions could be rented to the general public. Thereafter Marine Palms Housing Corporation, the lessee, entered into a contract with the appellant construction company to erect 493 housing units on the leased premises. Respondent county collected a total of $3,822 for building permits and inspection charges which fees were paid involuntarily and were accompanied by a written protest.

Appellant contends that because the Navy owned the land subject to the lease and because the housing units would become the property of the government upon completion, subject to the 75-year term of the lease, the houses were the property of the government. Therefore, appellant contends the contractor building the houses could not be required to secure permits from the county of San Bernardino or pay the county inspection charges. Appellant bolsters his position by pointing out that the lease provides that the 493 units should be constructed substantially in accordance with detailed plans and specifications submitted by the Department of the Navy, to be approved by the Federal Housing Commissioner.

■ The United States Government is sovereign and the state and its political subdivisions do not have the power to tax or regulate a federal agency unless the federal government divests itself of sovereignty in the particular aspect of government involved. It may do that by the Constitution or by act of Congress. ■ The lease in this case provides:

"THAT, under authority of the Act of August 5, 1947 (61

*Assigned by Chairman of Judicial Council.

Stat. 774; 34 USC 522a), and Title VIII of the National
Housing Act, as amended (63 Stat. 571; 12 USC 1748-1748h),
the Secretary of the Navy has determined that the lease of
the hereinafter described premises will effectuate the pur-
poses of the said Title VIII, and the Secretary, in considera-
tion of the observance and performance by the Lessee of the
covenants and conditions hereinafter set forth. . . .''

The two enabling statutes referred to in the lease determine
whether or not the United States Government, and more par-
ticularly the Navy Department, retained sovereignty and
immunity from licensing or inspection insofar as the housing
units in question are concerned.

Looking first at the applicable portion of title VIII, which is
set forth in 12 U.S.C.A. section 1748d, the following language
is found:

''Section 1748d. *Lease of property; terms and conditions.*

''Whenever the Secretary of the Army, Navy, or Air Force
determines that it is necessary to lease any land held by the
United States on or near a military installation to effectuate
the purposes of this subchapter, he may lease such land upon
such terms and conditions as will, in his opinion, best serve
the national interest. The authority conferred by this section
shall be in addition to and not in derogation of any other
power or authority of the Secretary of the Army, Navy or
Air Force.''

Thus Congress empowered the Secretary of the Army, Navy
or Air Force to determine what government land could be
leased and upon such terms and conditions as will ''in his
opinion, best serve the national interest.'' The other Act of
Congress pursuant to which the lease was executed, is em-
bodied in 34 U.S.C.A. section 522a, which authorized the
Secretary of the Navy to select land ''not for the time re-
quired for public use'' and to lease it ''upon such terms and
conditions as in his judgment will promote the national de-
fense or will be in the public interest.'' Pursuant to this
authority the Secretary of the Navy determined the land
covered by the lease in question was not required for public
use and leased it to Marine Palms Housing Corporation, a
private corporation, and as a condition thereof provided in
paragraph 7 of the lease as follows:

''7. That the Lessee shall comply with all laws, ordinances,
and regulations that are applicable to the leased premises with
regard to construction, sanitation, licenses or permits to do
business, and other matters.''

The Secretary of the Navy specifically made payment by the lessee of fees of the nature here in question a condition of the lease. The appellant was not a party to the lease nor did appellant have a contract with the Navy. Being in privity with the lessee, the appellant cannot claim the benefit of the sovereign immunity of the United States Government. The authority of the Secretary of the Navy to require the lessee to pay license and inspection fees can also be implied from the fact that Congress made the interest of the lessee taxable. (34 U.S.C.A. § 522e.)

To require appellant to pay permit and inspection fees for the housing units to be built for the lessee is consonant with the holding of the United States Supreme Court in *Offutt Housing Co.* v. *County of Sarpy* (Nebraska), 351 U.S. 253 [76 S.Ct. 814, 100 L.Ed. 1151].) That case involved a similar lease for 75 years and the court held that as the improvements had an estimated useful life of only 35 years the entire worth of the improvements was the lessee's and the lessee was subject to state taxation on the full value of improvements. Certainly, in our case the cost of permits and inspection fees for the housing units constitute a legitimate cost chargeable to the 75-year leasehold interest. (See also *Fort Dix Apartments Corp.* v. *Borough of Wrightstown,* 225 F.2d 473; *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546 [290 P.2d 544].)

Appellant cites the case of *Hall* v. *City of Taft,* 47 Cal.2d 177 [302 P.2d 574], in support of its position. In that case a contractor building a public school building was not required to obtain a city permit and pay a fee therefor. The instant case can readily be distinguished from the Hall case wherein the Supreme Court of this state determined that the State of California was engaged in a sovereign activity in the construction and maintenance of school buildings, and that the state had not relinquished this sovereign power by the Constitution or any legislative enactment. It should also be noted that in the Hall case the construction contract was between a builder and a school district, a political subdivision of the state while in the case before us the contract was between a builder and a private corporation.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied November 26, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1957.